IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DARNELL OWENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION No:2:07cv446-MHT |
| ) | |
| **STATE OF ALABAMA PERSONNEL** ) | **DEMAND FOR JURY TRIAL** |
| **DEPARTMENT and its Director,** ) | |
| **Jackie Graham; STATE OF ALABAMA** ) | |
| **DEPARTMENT OF HUMAN SERVICES** ) | |
| **and its Commissioner, Page B. Walley**, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

### FIRST AMENDED COMPLAINT

The Plaintiff, Darnell Owens, pursuant to this Court's Order [Doc.5] hereby amends and restates his Complaint against the Defendants, as follows:

I.  **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1983. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e et seq., 42 U.S.C. §§1981 and 1983, and the "Civil Rights Act of 1991" providing for injunctive and other relief against race discrimination.

2. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e, et. seq., 42 U.S.C. §1981, and 42 U.S.C. §1983.

II. **PARTIES**

3. Plaintiff, Darnell Owens, is an African-American citizen of the United States and a resident of the State of Alabama.

4. Defendant, State of Alabama Personnel Department and its Director, Jackie Graham, in her official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The Defendant employs at least fifteen (15) persons.

5. Defendant, State of Alabama Department of Human Services ("the Department"), and its Commissioner, Page B. Walley in his official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The Defendant employs at least fifteen (15) persons.

III. **FACTUAL ALLEGATIONS**

6. Plaintiff graduated from Spring Hill College in May 1980.

7. Plaintiff began working for the Alabama Department of Human Services on May 3, 1993.

8. On December 25, 1993, he started working as a Financial Support Social Worker I in Birmingham, Alabama.

9. Plaintiff made a lateral transfer to Mobile, Alabama in February 1995.

10. Plaintiff's job title was changed in 1997 to Financial Support Worker.

11. Plaintiff obtained his Masters in Counseling from Alabama State University in 1998.

12. Plaintiff applied for Service Social Worker I/II in the Child Protective Services division.

13. Plaintiff was interviewed for the position on March 31, 1999.

14. Plaintiff was not selected for the position.

15. Plaintiff filed an EEOC charge concerning the denial of that position.

16. Plaintiff also was not awarded other positions that he sought which were awarded to whites: Judy H. Avritt; Mary A. Mayhall; Karla K. Shoemaker; Diana M. Millasovich or Colon; Helen M. Bellue; Douglas W. Morgan; Daniel G. Frazier, Karla K. Shoemaker; Ashley Mayhall Carlock, Elliot Dean Mott; Susan Gardner; Roger K. Stewart; and Charity D. Ready.

17. Plaintiff, on August 6, 1999, resigned his position to take a position with the Alabama School of Mathematics and Science.

18. Plaintiff was eligible for rehire with the Department of Human Resources and was on the rehire register.

19. Plaintiff sent a letter to Erin Wheeler, Mobile County Director, expressing his desire

        to return to work there.

20. Plaintiff was informed that there were no openings.

21. Plaintiff called back in October 2000 and was informed that there were openings and that he would be considered for a position.

22. Plaintiff called back again in November and December 2000 to see about an opening and on each occasion was informed that they were considering his request.

23. Plaintiff was on the re-employment register.

24. On information and belief, a regular register was requested and used to fill a vacancy, instead of using the re-employment register.

25. On information an belief, white employees previously have left and come back to work for the Department of Human Resources.

26. Social Service Case Worker positions were filled in Mobile, including positions filled by whites individuals, Doris White, Cynthia King, and Tina Baker, after the Plaintiff was on the re-employment register.

27. A Social Service Case Worker position was filled by Susan Gardner, white, in Mobile shortly before the Plaintiff was back on the re-employment register.

28. On information and belief, the reason given for the Plaintiff not getting those positions was that he declined the positions due to location.

29. It is not true that the Plaintiff declined those positions due to location.

30. Plaintiff also was denied re-employment in Financial Support Workers positions that were filled by whites, including: Deanna Harrelson on August 8, 2000; Jaynie L. Ellison on August 9, 2000; Vicki D. Logan on August 25, 2000; and Pamela J. Bell

on January 19, 2001.

31. Additionally, a Human Resource Program Specialist position was awarded to Janis C. Zolczunski, white, instead of the Plaintiff on October 16, 2000.

32. Plaintiff filed an EEOC charge in February 2001.

33. Plaintiff was rehired as a Financial Support Worker by the Department of Human Resources on July 2, 2001.

34. He applied for a Human Resource Program Specialist position.

35. He did not get the position.

36. Whites individuals who were hired for Human Resource Program Specialist positions instead of the Plaintiff were the following: Lutricia J. Harbin, Earline Harper, Janis C. Melton.

IV. **CAUSES OF ACTION**

**COUNT I**

**RACE DISCRIMINATION IN PROMOTION,
PAY, AND TERMS AND CONDITIONS PURSUANT TO
42 U.S.C. § 1981, BY AND THROUGH 42 U.S.C. § 1983
AGAINST THE STATE OF ALABAMA DEPARTMENT OF
HUMAN SERVICES AND ITS COMMISSIONER, PAGE B. WALLEY**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 with the same force and effect as if fully set out in specific detail hereinbelow.

38. This claim is brought against the Defendant Alabama Department of Human Services and its Commissioner, Page B. Walley, in his official capacity.

39. There was a delay in filling the Assistant Director position because of the Plaintiff's race and/or due to his prior protected activity.

40. The Plaintiff was discriminated against because of his race in violation of 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983, and/or in retaliation in promotions, transfers, re-employment in his terms, conditions, and privileges of employment.

41. As a consequence, Plaintiff did not receive promotions, transfers, re-employment, and lost wages, and was damaged.

42. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, and an injunction and declaratory judgment are his only means of securing adequate relief.

43. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II

### RACE DISCRIMINATION IN JOB CLASSIFICATION, PAY, AND TERMS AND CONDITIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000(e) et seq. AGAINST THE STATE OF ALABAMA DEPARTMENT OF HUMAN SERVICES.

44. The Plaintiff re-alleges and incorporates by reference paragraphs 1-43 with the same force and effect as if fully set out in specific detail hereinbelow.

45. This claim is brought against the Defendant Alabama Department of Human Services.

46. The Plaintiff was discriminated against because of his race and/or in retaliation in

        violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., in retaliation in promotions, transfers, re-employment and in his terms, conditions, and privileges of employment.

47. As a consequence, Plaintiff did not receive promotions, transfers, re-employment, and lost wages, and was damaged.

48. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, and an injunction and declaratory judgment are his only means of securing adequate relief.

49. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT III

### RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO 42 U.S.C. § 1981, BY AND THROUGH 42 U.S.C. § 1983, AGAINST THE STATE OF ALABAMA PERSONNEL DEPARTMENT AND ITS DIRECTOR, JACKIE GRAHAM

50. Plaintiff re-alleges and incorporates by reference paragraphs 1-49 with the same force and effect as if fully set out in specific detail hereinbelow.

51. This claim is brought against the Defendant State of Alabama Personnel Department and its Director, Jackie Graham, in her official capacity.

52. The Plaintiff was discriminated against because of his race in violation of 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983, and/or retaliation in promotions, transfers, re-employment and in his terms, conditions, and privileges of employment.

53. As a consequence, Plaintiff did not receive promotions, transfers, re-employment, and lost wages, and was damaged.

54. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, and an injunction and declaratory judgment are his only means of securing adequate relief.

55. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT IV

### RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000(e) et seq. AGAINST THE STATE OF ALABAMA PERSONNEL DEPARTMENT

56. The Plaintiff re-alleges and incorporates by reference paragraphs 1-55 with the same force and effect as if fully set out in specific detail hereinbelow.

57. This claim is brought against the Defendant State of Alabama Personnel Department.

58. The Plaintiff was discriminated against because of his race or in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., in promotions, transfers, re-employment and in his terms, conditions, and privileges of employment.

59. As a consequence, Plaintiff did not receive promotions, transfers, re-employment, and lost wages, and was damaged.

60. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, and an injunction and declaratory judgment are his only means of securing

adequate relief.

61. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

2. Grant Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

3. Enter an order requiring the Defendants to make the Plaintiff whole by awarding him the position(s) he would have had occupied in the absence of race discrimination, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. Award the Plaintiff such other relief and benefits as the cause of justice may require,

including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/ Richard J. Ebbinghouse
Richard J. Ebbinghouse
Counsel for the Plaintiff


OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500


**CERTIFICATE OF SERVICE**

      I hereby certify that on November 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.


/s/ Richard J. Ebbinghouse
Richard J. Ebbinghouse
Of Counsel