## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

DARNELL OWENS,                    )
                                 )
    *Plaintiff*,                )
                                 )        **CIVIL ACTION NO.:**
**v.**                             )        **2:07-CV-446-MHT**
                                 )
**STATE OF ALABAMA**               )
**PERSONNEL DEPARTMENT, et al.**)
                                 )
    *Defendants*.              )

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The State of Alabama Personnel Department and Jackie Graham, Director, and the State Department of Human Services and Page B. Walley, Commissioner, (hereinafter "Defendants"), answer Plaintiff's First Amended Complaint as follows:

    1.    This paragraph requires neither an admission nor a denial.

    2.    Defendants deny that Plaintiff has fulfilled all conditions precedent to the institution of this action.

## II.    PARTIES

    3.    Admitted.

    4.    Denied that the State of Alabama Personnel Department and its Director, Jackie Graham is subject to suit under Title VII by this Plaintiff.  These

Defendants are not the Plaintiff's employer. The Alabama State Personnel Department is not an entity subject to suit under 42 U.S.C. § 1981 or 1983.

5.     Denied that the State of Alabama Department of Human Resources and its Commissioner, Page B. Walley, is subject to suit under Title VII by this Plaintiff. Deny that the Alabama Department of Human Resources is subject to suit under 42 U.S.C. § 1981 or 1983.

## III.     FACTUAL ALLEGATIONS

6.     Denied based on Plaintiff's application that he graduated from Spring Hill college in June of 1990.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     Admitted.

11.     Defendants are without sufficient knowledge or information to admit or deny the allegation contained in paragraph 11, and therefore deny same.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Denied.

17.    Admitted that Plaintiff notified the Mobile County Department of Human Resources on August 6, 1999 that he was resigning, effective August 12, 1999.  Upon information and belief, Plaintiff took a position with the Alabama School of Mathematics and Science.

18.    Admitted that Plaintiff was eligible for rehire with the Department of Human Resources and was placed on the rehire register for Financial Support Social Worker I/II following his request.

19.    Admitted that Plaintiff sent a letter to the Mobile County Department of Human Resources that he was on the Financial Support Social Worker I re-employment register on or about August 1, 2000.

20.    Admitted that Plaintiff was informed on or about September 12, 2000 that the Mobile County Department of Human Resources had no approval to hire at that time.

21.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 21, and therefore deny same.

22.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 22, and therefore deny same.

23.    Plaintiff was placed on the reemployment register on November 9, 1999 as a Financial Support Social Worker I/II.

24.    The Mobile County Department of Human Resources requested the continuous open competitive register for Financial Support Social Worker I/II on or about October 5, 2000 to fill a Financial Support Social Worker I/II position.

25.    Defendants admit that the Department of Human Resources uses the reemployment register to hire former employees – including the Plaintiff. .

26.    Admitted that Tina Baker, white, was appointed as a service social worker I/II in Mobile County on January 4, 2000. Defendants are without sufficient information to admit or deny the allegations pertaining to Doris White and Cynthia King, and therefore deny the same.

27.    Defendants are without sufficient information to admit or deny the allegation contained in paragraph 27, and therefore deny same.

28.    Admitted, upon information and belief, that Plaintiff was informed that his availability letter indicated that he was not available for a position with the Mobile County Department of Human Resources.

29.    Denied.

30.    Admitted that Jaynie Ellison and DeAnna Harrelson, both white, were appointed as a Financial Support Workers in August 2000. Defendants are without sufficient information to admit or deny the allegations pertaining to Vicki Logan and Pamela Bell, and therefore deny same.

31.    Admitted that Janis C. Zolczynski (now Melton) was hired as a Human Resource Program Specialist in October 2000.

32.    Admitted.

33.    Admitted.

34.    Admitted.

35.    Admitted.

36.    Admitted that Janis C. Melton (formerly Zolczynski), white, was hired as a Human Resource Program Specialist in October 2000, and Lutricia Harbin and Earline Harper, both white, were hired as Human Resource Program Specialists in January 2003.

III.    **CAUSES OF ACTION**

**COUNT I**

37.    This paragraph requires neither an admission nor a denial.

38.    This paragraph requires neither an admission nor a denial.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied that Plaintiff has suffered any wrongs or damages.

43.    Denied.

**COUNT II**

44.    This paragraph requires neither an admission nor a denial.

45.    This paragraph requires neither an admission nor a denial.

46.    Denied.

47.    Denied.

48.    Denied that Plaintiff has suffered any wrongs or damages.

49.    Denied.

## COUNT III

50.    This paragraph requires neither an admission nor a denial.

51.    This paragraph requires neither an admission nor a denial.

52.    Denied.

53.    Denied.

54.    Denied that Plaintiff has suffered any wrongs or damages.

55.    Denied.

## COUNT IV

56.    This paragraph requires neither an admission nor a denial.

57.    This paragraph requires neither an admission nor a denial.

58.    Denied.

59.    Denied.

60.    Denied that Plaintiff has suffered any wrongs or damages.

61.    Denied.

## V.     <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendants deny Plaintiff is entitled to any of the relief requested in paragraphs 1 through 4 under section V.

### <u>DEFENSES</u>

1.     Plaintiff has failed to exhaust available administrative remedies and/or to satisfy all necessary jurisdictional prerequisites to the filing of this suit.

2.     Defendants' actions toward Plaintiff were taken for legitimate, nondiscriminatory and non-retaliatory reasons and in good faith and without regard to his race or his having engaged in protected activity.

3.     Defendants are not liable for the actions of its agents, servants or employees committed outside the scope of their employment.

4.      Defendants may not be held liable for punitive damages as Defendant has undertaken a good faith effort to comply with Title VII and related state and federal laws and has never acted with malice or with reckless indifference to federally protected or related personal/civil rights.  *See Kolstad v. American Dental Ass'n*, 119 S.Ct. 2118, 2128-29 (1999).

5.     Plaintiff has failed and neglected to use reasonable means to protect himself from loss and to minimize or mitigate the alleged losses and damages complained of in his complaint.

6.     All employment decisions with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

7.     Defendants deny that it was motivated by any unlawful animus when it took employment actions with regard to Plaintiff.  Defendant asserts, however, that it would have made the same employment decision(s) irrespective of any unlawful motive.  *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775 (1989).

8.     Defendants aver that Plaintiff's claims are barred by the applicable statute of limitations, statute of frauds, res judicata, collateral estoppel, laches, waiver, release and/or estoppel, and/or are untimely.

9.     Plaintiff is judicially estopped from demanding a trial by jury or from seeking compensatory and/or punitive damages.

10.     Injunctive relief in the form of "awarding him the positions he would have occupied in the absence of discrimination" is not available or appropriate as Plaintiff was terminated from his position at DHR for criminal misconduct.

11.     Plaintiff's demand for trial by jury and his claim for compensatory and/or punitive damages are inconsistent with his position as an intervenor and/or representative of the putative class in the related litigation of *In re: Employment Discrimination Litigation Against the State of Alabama*, Civil Action No. 94-T-

356-N.  Therefore, Plaintiff is estopped from demanding a trial by jury and from asserting claims for compensatory and/or punitive damages.

12.    Plaintiff's claims for compensatory and punitive damages as well as his demand for a trial by jury are barred by the law of the case in the related litigation of *In re: Employment Discrimination Litigation Against the State of Alabama*, Civil Action No. 94-T-356-N.

13.    Plaintiff has previously denied making any claims of retaliation against the Defendants and is now barred from asserting claims previously waived.

14.    The State Personnel Department is not the Plaintiff's employer and is not a proper defendant under Title VII.

15.    The State Personnel Department is not a proper defendant under 42 U.S.C. § 1981 or § 1983 as it is a state agency and entitled to Eleventh Amendment immunity.

16.    The State of Alabama Department of Human Services is not a proper defendant under 42 U.S.C. § 1981 or § 1983 as it is a state agency and entitled to Eleventh Amendment immunity.

17.    Punitive damages are not available against a governmental entity under Title VII.

18.    Plaintiff cannot assert a request for jury trial at this stage of the proceedings without the agreement of all parties.  Defendants do not so agree.

19.    Plaintiff is prohibited from seeking any claims for damages after having previously waived such claims.

20.    Defendant Walley has absolute immunity in his official capacity under the Eleventh Amendment for any damage claims.

21.    Defendant Graham has absolute immunity in her official capacity under the Eleventh Amendment for any damage claims.

22.    Defendant Walley has qualified immunity to the extent any claims are attempted to be asserted against him in any individual capacity.

23.    Defendant Graham has qualified immunity to the extent any claims are attempted to be asserted against her in any individual capacity.

24.    Defendants are unaware of any actions by Plaintiff which would prompt any actions which could be considered retaliatory.  A decision maker cannot have been motivated to retaliate by something unknown to him. *Strickland v. Water Works* 239 F.3d 1199 (11th Cir. 2001);  *Brungart v. BellSouth*, 231 F.3d 791 (11th Cir. 2000).

25.    Plaintiff requests an award of back pay against the individuals in their official capacities under 42 U.S.C. § 1983.  An award of back pay is damages under 42 U.S.C. § 1983 and is thus barred under the Eleventh Amendment.

26.    The State Personnel Department was not named in the EEOC complaint and cannot be sued under Title VII as no notice was provided to this governmental entity.

27.    The right to sue letter issued by the EEOC was not signed by the Attorney General as is required against a governmental entity.

28.    The allegations in the complaint are not the same as those contained in the EEOC complaint, nor are the allegations similar so as to put the defendants on notice.

29.    There is no causal connection between any protected speech and any adverse employment action claimed by Plaintiff.

30.    Defendants reserve the right to amend this answer or affirmative defenses based on discovery of additional information.


                              Respectfully submitted,

                              /s/ Theodore P. Bell
                              _____
                              Warren B. Lightfoot, Jr.
                              John B. Holmes, III
                              Theodore P. Bell
                              Attorneys for the Defendants
                              Department of Human Resources and
                              Dr. Page Walley, Commissioner

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza

1901 Sixth Avenue North
Birmingham, Alabama 35203-4604
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email:      wlightfoot@maynardcooper.com
            jholmes@maynardcooper.com
            tbell@maynardcooper.com

Sharon E. Ficquette
DEPARTMENT OF HUMAN RESOURCES
Legal Office
P.O. Box 304000
Montgomery, Alabama 36130-4000
Telephone:  (334) 242-9330


                              /s/ Alice Ann Byrne
                              Alice Ann Byrne
                              Attorney for the Defendants
                              State Personnel Department and
                              Jackie Graham, Director of State
                              Personnel Board

STATE PERSONNEL DEPARTMENT
Folsom Administrative Building
64 North Union Street ~ Suite 316
Montgomery, Alabama 36130
Telephone:  (334) 242-3451
Facsimile:  (334) 353-4481
Email:      aliceann.byrne@personnel.alabama.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of December, 2007, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

For the Plaintiff:

Richard J. Ebbinghouse, Esq.
WIGGINS CHILDS QUINN & PANTAZIS, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203-3204


/s/ Theodore P. Bell
Of Counsel