IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARNELL F. OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:07cv446-CSC |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| HUMAN RESOURCES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff is proceeding pro se in this Title VII case after his counsel was allowed to withdraw in December 2008. When the court allowed the plaintiff's counsel to withdraw, the court afforded the plaintiff an opportunity to retain new counsel. (doc. # 53). After the case was referred to the undersigned for disposition and recommendation on all pretrial matters and the defendants' motion to dismiss for the plaintiff's failure to prosecute was denied, the court entered a new scheduling order setting new deadlines for completion of discovery and the filing of dispositive motions. (doc. # 68)

On April 24, 2009, the defendants filed a joint motion to dismiss. (doc. # 70) The basis of this motion was the plaintiff's refusal to submit to a deposition. One of the reasons for the plaintiff's refusal was his lack of counsel. The court denied the motion to dismiss and gave the plaintiff 20 days to retain counsel. (doc. # 73) In this order, the court advised the plaintiff "that if he is unable to secure representation, he will proceed pro se in this matter."

In addition, the court granted the defendants permission to take the plaintiff's deposition[1] and directed the plaintiff to submit to the deposition. The court advised the plaintiff that if he did not submit to the deposition in accordance with the order the court would dismiss his case without further notice.

On June 2, 2009, the defendants filed a renewed motion to dismiss. (doc. # 74) The motion recounts that on May 27, 2009, the plaintiff once again refused to submit to a deposition as ordered by the court stating that he would not give a deposition without the presence of counsel. Defendants' counsel reminded the plaintiff of and read to the plaintiff the court's order directing him to submit to a deposition. The plaintiff persisted in his refusal stating that he had sent a letter to the court.

The plaintiff did send a letter to the District Judge assigned to this case.[2] In that letter, the plaintiff states that he is suffering from several "health related concerns" and "chronic illnesses that sometimes hinder my health." The plaintiff identifies these conditions as "hypertension (chronic), enlarged heart, irregular heart beat, and post-traumatic stress disorder, anxiety." The plaintiff does not explain how these conditions prevent his from truthfully answering questions about the facts of his case. The plaintiff does again lament his lack of counsel as well as having to endure what amount to nothing more than the normal difficulties of litigation.

While the plaintiff does state in his letter that he should have retained counsel in place

---

[1] The plaintiff is in the custody of the Alabama Department of Corrections. *See* Fed. R. Civ. P. 30(a)(2)(B).

[2] A copy of the letter is attached to this Recommendation.

by the end of June 2009, the plaintiff has had since the end of 2008 to secure a lawyer to represent him and has failed to do so. More importantly, the plaintiff has not only refused to submit to a deposition, he now has flagrantly and willfully violated an order of this court which directed him to submit to a deposition. Rule 37(b)(2) authorizes a district court to impose sanctions against a party who violates an order compelling discovery. FED.R.CIV.P. 37(b)(2); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir.1997). Permissible sanctions include dismissal. FED.R.CIV.P. 37(b)(2)(A)(v). In addition, a plaintiff's disregard of a court order warrants a dismissal of her action under FED.R.CIV.P. 41(b). Finally, a district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Mingo v. Sugar Cane Growers Co-op.*, 864 F.2d 101, 102 (11th Cir.1989).

The plaintiff has had ample opportunity to retain counsel and has failed to do so. He has willfully violated an order of this court after being warned of the consequences. The imposition of dismissal as a sanction is fully warranted in this case. Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice for the plaintiff's failure to comply with the orders of this court and to prosecute this action. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before June 18, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of June, 2009.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

May 27, 2009

Hon. Myron Thompson, Judge
U.S. District Court for
the Middle District
Northern Division
Montgomery, AL. 36104

Re: Darnell Owens vs. ADHR, et.al.        07 CV 446-CSC

Dear Judge Thompson:

After numerous attempts to amicably resolve the foregoing discovery issues with defendants, I have decided to write you and hopefully clarify any and all misstatements, distortions and innuendos by the defendants.

This is a highly unusual and extenuating circumstance that I find myself in due mainly by the malicious, retaliatory and vindictive actions of the defendants.

The defendants continue to stress the criminal convictions as with regards to the (ADHR) which is unrelated to this matter. Since being incarcerated and denied appellate bond by a ~~district~~ (state) circuit judge because of failure of court appointed counsel to file request timely with notice of appeal in the criminal case. I have been diagnosed and suffering from several health related concerns.

(1)

07-CV-446-CSC

I am suffering from chronic illnesses that sometimes hinder my health. And at this time is not regulated. Issues: Hypertension (chronic), enlarged heart, irregular heart beat, and post-traumatic stress disorder, anxiety.

The defendants stress concerns about expenses that each incurring. But, not about the disadvantages plaintiff is experiencing in this matter. In my opinion, the defendants decision to maliciously retaliate and pursue prosecution against me was/is unprecedented. Therefore, I believe that defendants should have been prepared for the consequences that may have resulted in doing so. It is understood there has never been any precedence with the defendant in following this route/course previously in the history of the department.

I believe that I am at a great disadvantage because of no counsel and unable to acquire my file and exhibits related to this matter.

Finally, the lowest security level (I) in the prison system is my rank. And that is work release placement. This does not automatically suggest that you are able to work a job outside the system. There are many inmates at this level in the system that are not working while awaiting (EOS) end of sentence.

(2)

As I informed the court under separate cover letter, a new counsel should be in place soon to represent me on my behalf, hopefully by the end of the month (June, 2009) or as soon as he/she can file his/her notice of appearance in this matter and obtain my file and exhibits from the previous attorney.

I respectfully asks that the court look at those and all the issues related to this matter as it deems necessary.

Sincerely,

Darnell Owens, Plaintiff — Owens vs. ADHR, et.al.
07-CV-446-CSC

Darnell Owens

(3)